59561. McCLURE v. KELLEY et al.

McMurray, Presiding Judge.
On March 23, 1978, plaintiff Mary McClure filed this action in the State Court of Polk County, Georgia, for damages arising from a motor vehicle collision. Plaintiff Mary McClure alleged that defendant Kelley was employed by defendant Ford and was operating a "Peterbilt tractor," within the normal scope of his employment when the tractor collided with an automobile in which plaintiff was a passenger and which was driven by defendant Howard McClure. Plaintiff Mary McClure alleges that the collision was caused by the gross negligence of defendant Howard McClure and the negligence of defendant Ford.

Defendants Kelley and Ford are nonresidents, jurisdiction of whom was obtained pursuant to Code Ann. § 68-801 (Ga. L. 1937, pp. 732, 733; 1964, p. 299; 1967, pp. 800, 801), having submitted to the jurisdiction of the Georgia courts by virtue of the operation of nonresident Ford's motor vehicle by nonresident Kelley "within the territorial limits of this State." The acceptance of this right and privilege of operating this motor vehicle within the territorial limits of this State "shall be deemed equivalent to the appointment

... of the Secretary of the State of Georgia ... to be ... [nonresident's] true and lawful attorney in fact upon whom may be served all summons or other lawful processes in any action or proceeding against any such nonresident, growing out of any accident or collision in which any such nonresident may be involved by reason of the operation by him, for him . . . of a motor vehicle anywhere within . . . the State of Georgia . . . [and] any such process against him shall be of the same legal force and validity as if served upon him personally."

On April 27, 1978, defendant Howard McClure filed his answer and a cross-claim against defendants Kelley and Ford. No certificate of service is attached to this document, and defendants Kelley and Ford deny any knowledge of this answer and cross-claim prior to receiving a copy thereof in a letter from counsel for Howard McClure during April, 1978. On May 1, 1978, defendants Kelley and Ford filed their answer and Ford's "cross-claim or counterclaim" for property damages against plaintiff and defendant Howard McClure. They also filed a notice of removal to the United States District Court for the Northern District of Georgia, attaching copies of the petition for removal and bond filed in the federal court on the same date.

On March 2, 1979, plaintiff Mary McClure filed in the State Court of Polk County a dismissal of her complaint with prejudice.

On May 17, 1979, defendants Kelley and Ford filed their answer to Howard McClure's cross-claim and again filed defendant Ford's cross-claim against Howard McClure. On August 14, 1979, Kelley and Ford filed their "Motion for Determination of Defenses," alleging that they received a copy of defendant Howard McClure's cross claim by mail sent to their attorney by McClure's attorney on or about April 13, 1979. They prayed that Howard McClure's cross claim be dismissed or otherwise declared null and void due to lack of jurisdiction of the state court over the subject matter as well as their persons and because of the lack of venue and lack of service of process concerning the cross-claim upon Kelley and Ford.

The state court entered its order on the motion of Kelley and Ford dismissing the action because of lack of jurisdiction due to the removal of the case to the United States District Court where the case was dismissed with prejudice without having been remanded to the state court. Howard McClure appeals, contending that the state court erred in ruling that it had no jurisdiction of the cross-claim and in dismissing the same. *Held:*

Removal of cases from state courts to United States District Courts is governed by the provisions of 28 USCA § 1446. Paragraph (e) thereof provides that: "Promptly after the filing of such petition

for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Under this statute, jurisdiction of the federal district court attaches when the removal petition is filed with it. However state court jurisdiction does not end until there has been compliance with the requirements of 28 USCA § 1446 (e), supra, that written notice of the petition for removal be given to all adverse parties promptly after filing of the petition and a copy of the petition for removal is filed with the clerk of the state court. In the interim period following the filing of the petition for removal in the federal court and compliance with the provisions of 28 USCA § 1446 (e), supra, both courts have jurisdiction and may act on the case. 1A Moore's Federal Practice (2d Ed.) ¶ 0.168 [3.-8], pp. 505-512.1.

When Howard McClure filed his cross-claim against Kelley and Ford on April 27, 1978, he became, if not previously, an adverse party as to them. Also, defendants Kelley and Ford, having filed their cross-claim against defendant Howard McClure on May 1, 1978, undoubtedly had knowledge of his status as an adverse party. Kelley and Ford have therefore failed to give the required written notice of the petition for removal to an adverse party. Although the requirement of prompt notice to adverse parties may be a highly technical requirement calling for a liberal construction in favor of compliance, we find no case entirely removing this requirement. Here, there was no attempt made to comply with this requirement and no actual notice for almost a year. Therefore the removal of this case and termination of the jurisdiction of the state court was not effected. The state court erred in dismissing the cross-claim of Howard McClure as the state court continued to have jurisdiction of this action under the circumstances.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 11, 1980 — DECIDED APRIL 11, 1980 —

*Marson G. Dunaway, Jr.,* for appellant.
*Clinton Sumner,* for appellees.